**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CAROLINE ZINNER PARKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-09-2743 |
| | § | |
| PULTE HOMES OF TEXAS, L.P., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

The plaintiff, Caroline Zinner Parker, has moved to remand this employment discrimination and retaliation case. Based on a careful review of the pleadings, the motions and responses, and the applicable law, the motion is denied. The reasons are set out below.

**I.      Background**

On July 22, 2009, Parker sued Pulte Homes of Texas, L.P. ("Pulte Texas LP") in the Southern District of Texas, alleging violations of the Americans with Disabilities Act ("ADA"). *Caroline Zinner Parker v. Pulte Homes of Texas LP*, Civ. A. No. H-09-2319. (Docket Entry No. 1, Plaintiff's Original Complaint). The federal complaint included a statement that Pulte Texas LP "discriminated against Plaintiff in violation of the ADA, Texas Commission on Human Rights Act, as amended, and the Texas Labor Code." (*Id.* at 3). Parker filed a notice of dismissal without prejudice in that case on August 4, 2009.

On July 31, 2009, Parker sued Pulte Texas LP in Texas state court, alleging employment discrimination and retaliation in violation of the Texas Commission on Human Rights Act and Texas common law. (Docket Entry No. 1, Plaintiff's Original Petition). On August 26, 2009, Pulte Texas LP removed the state court action to this court on the basis of diversity jurisdiction. (Docket Entry

No. 1).

In the Notice of Removal, Pulte Texas LP attached an affidavit from a senior paralegal with Pulte Homes, Inc., describing the corporate organizational structure of Pulte Texas LP and affiliated organizations. (Docket Entry No. 1, Affidavit of Jan Klym). The affidavit stated that Pulte Texas LP is a limited partnership consisting of one general partner, Pulte Nevada I, LLC ("Pulte Nevada"), and one limited partner, Pulte Texas Holdings LLC ("Pulte Texas Holdings"). (*Id.* at 2). Pulte Nevada is a limited liability company organized under the law of and registered with the State of Delaware. (*Id.*). The sole member of Pulte Nevada is Pulte Home Corporation. (*Id.*). Pulte Home Corporation is a corporation organized under the laws of Michigan with its headquarters and principal place of business in Michigan, and is not registered to conduct business operations in Texas. (*Id.* at 1). Pulte Texas Holdings is a limited liability company organized under the laws of and registered with the State of Michigan. (*Id.* at 2). The sole member of Pulte Texas Holdings is Pulte Home Corporation. (*Id.*). Pulte Texas LP stated in the Notice of Removal that diversity of citizenship is present in this case because Pulte Texas LP takes on the citizenship of its general and limited partners, each of whom in turn take on the citizenship of Pulte Home Corporation, a Michigan corporation with its principal place of business in Michigan. (*Id.*, Defendant's Notice of Removal).

On September 25, 2009, Parker moved to remand. (Docket Entry No. 10). Parker does not dispute that Pulte Nevada and Pulte Texas Holdings are the only partners of Pulte Texas LP. (Docket Entry No. 10, at 2). Parker argues that Pulte Texas LP did not properly allege the citizenship of these entities or Pulte Home Corporation's parent company, Pulte Diversified

2

Companies, Inc. (*Id.* at 3).[1]

Pulte Texas LP opposes the motion to remand. Pulte Texas LP argues that only the citizenship of Pulte Home Corporation is relevant and that it is distinctly and affirmatively alleged in the removal notice. (Docket Entry No. 11).

The arguments are analyzed below.

## II.    The Applicable Law

A federal court has subject-matter jurisdiction under 28 U.S.C. § 1332 when the amount in controversy exceeds $75,000 exclusive of interest and costs and "all persons on one side of the controversy [are] citizens of different states than all persons on the other side." *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). The party asserting federal diversity jurisdiction must "distinctly and affirmatively allege" each party's citizenship. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991)). The removing party meets this burden if the notice of removal provides "the facts from which removal jurisdiction under [§ 1332] could be determined." *Johnston v. Bilal*, No. 08-5235, 2009 WL 981696, at *3 (E.D. La. Apr. 13, 2009) (quoting *Charter Sch. of Pine Grove, Inc. v. St. Helena Parish Sch. Bd.*, 417 F.3d 444, 447 (5th Cir. 2005)).

"The citizenship of a limited partnership is based upon the citizenship of each of its

---

[1]  Parker also argues that Pulte Texas LP "misrepresent[ed]" that Pulte Home Corporation is a Michigan corporation because the Texas Secretary of State records show that Pulte Homes Corporation is a Delaware corporation. (Docket Entry No. 10, at 3). However, as Pulte Texas LP points out, the document Parker attached to her motion to remand reflects that the entity status is "withdrawn." (*Id.*, Ex. 1). Pulte Texas LP explained that the Delaware corporation merged to create the a new Michigan corporation. Pulte Texas LP attached a "certificate of merger/consolidation" from the Michigan Department of Commerce documenting the merger. (Docket Entry No. 11, Ex. 1). Pulte Texas LP also attached a "Profit Corporation Information Update" from 2009 stating that the registered office for Pulte Home Corporation is in East Lansing, Michigan. (*Id.*, Ex. 2).

3

partners." *Harvey*, 542 F.3d at 1079 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)). The Fifth Circuit has extended this rule to limited liability companies: "the citizenship of a LLC is determined by the citizenship of all of its members." *Id.* at 1080.

## III.   Analysis

The notice of removal and attached affidavit by Jan Klym, a paralegal at Pulte Homes, Inc., show that Pulte Texas LP is a limited partnership with one general and one limited partner. (Docket Entry No. 1, Affidavit of Jan Klym at 2). Because Pulte Texas LP is a limited partnership, Pulte Texas LP was required to show the citizenship of the general and limited partners that make up the limited partnership. *See Harvey*, 542 F.3d at 1079 (citing *Carden*, 494 U.S. at 195–96). The affidavit states that Pulte Texas LP consists of one general partner, Pulte Nevada, and one limited partner, Pulte Texas Holdings. (Docket Entry No. 1, Affidavit of Jan Klym at 2). Both are LLCs. (*Id.*). Beacause both Pulte Nevada and Pulte Texas Holdings are LLCs, Pulte Texas LP had to allege facts in the Notice of Removal showing the citizenship of each member of Pulte Nevada and Pulte Texas Holdings. *See Harvey*, 542 F.3d at 1080. The affidavit states that Pulte Home Corporation is the sole member of both Pulte Nevada and Pulte Texas Holdings. (Docket Entry No. 1, Affidavit of Jan Klym at 2). Because Pulte Home Corporation is a corporation, it is a citizen of the state of its incorporation and the state of its principal place of business. *See* 28 U.S.C. § 1332(c)(1). The affidavit states that Pulte Home Corporation is a corporation organized under the laws of Michigan with its headquarters and principal place of business in Michigan. (Docket Entry No. 1, Affidavit of Jan Klym at 1). Pulte Home Corporation, and thus Pulte Texas LP, are citizens of Michigan. Because Parker is a citizen of Texas, (Docket Entry No. 1, Plaintiff's Original Petition at 1), Pulte Texas LP provided facts from which diversity jurisdiction is established.

Parker argues that because Klym's affidavit states that "Pulte Home Corporation and its

4

partners have current communities in 25 states and the District of Columbia," Pulte Texas LP was required to establish the names and citizenship of Pulte Home Corporation's partners.  This argument is without merit.  Even if Klym's affidavit means "partners" in the legal sense,[2] Pulte Home Corporation's partners are irrelevant to establishing Pulte Home Corporation's citizenship.  Pulte Home Corporation's participation as a partner or member in an LP, LLP, or LLC does not affect Pulte Home Corporation's citizenship under 28 U.S.C. § 1332.  *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005) ("Congress surely has not directed that a corporation, for diversity-of-citizenship purposes, shall be deemed to have acquired the citizenship of all or any of its affiliates.").  For the same reason, this court rejects Parker's contention that diversity jurisdiction has not been adequately alleged because the Notice of Removal does not allege the citizenship of Pulte Home Corporation's parent company.

**IV.    Conclusion**

Parker's motion to remand is denied.

SIGNED on December 8, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

---

[2]  It seems more likely that "partners" in this context refers to "affiliates" and not to "partners" in a legal sense, such as partners in a limited liability partnership or limited partnership.

5